1  **KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
2  ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
3  mona@kazlg.com
Pamela E. Prescott, Esq. (328243)
4  pamela@kazlg.com
245 Fischer Avenue, Unit D1
5  Costa Mesa, California 92626
Telephone: (800) 400-6808
6  Facsimile:  (800) 520-5523

7  *Attorneys for Plaintiff,*
Joubin Mortezapour
8

9              **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**

11  JOUBIN MORTEZAPOUR, individually       Case No.:
and on behalf of all others similarly
12  situated,                                **CLASS ACTION**

13              Plaintiff,                    **COMPLAINT FOR DAMAGES AND
                                             INJUNCTIVE RELIEF PURSUANT
14      vs.                                  TO THE TELEPHONE CONSUMER
                                             PROTECTION ACT ("TCPA"), 47
15  BOSTON MARKET CORPORATION,               U.S.C. §§ 227, *ET SEQ*.**

16              Defendant.                    **JURY TRIAL DEMANDED**

17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT

**INTRODUCTION**

1.     Plaintiff JOUBIN MORTEZAPOUR ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action for damages and injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant BOSTON MARKET CORPORATION ("Boston Market" or "Defendant") in negligently, knowingly and/or willfully transmitting unsolicited, autodialed text messages to cellular telephones of consumers, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"), thereby invading the privacy of Plaintiff and the putative class members.

2.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.     Upon information and belief, Defendant sent automated text messages to Plaintiff and others similarly situated without their prior express written consent in order to solicit business. This is exactly the type of telephonic contact the TCPA was designed to prevent.

4.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

**NATURE OF THE ACTION**

5.     In 1991, Congress passed the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"), in response to complaints about certain telemarketing practices.

6.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate

CLASS ACTION COMPLAINT

burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.  Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12.

7.     The Federal Trade Commission ("FCC") is charged with the authority to issue regulations implementing the TCPA. According to findings by the FCC, automated calls and text messages are prohibited under the TCPA because receiving them is a greater invasion of privacy and nuisance compared to live solicitation calls. The FCC has also acknowledged that wireless customers are charged for any incoming calls and text messages.

8.     In 2015, the FCC noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

9.     The FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers.

10.     One of the most prevalent advertising methods employed by companies today involves the use of "Short Message Services" (or "SMS"), which is a text messaging system allows for the transmission and receipt of text messages to and from wireless telephones.

CLASS ACTION COMPLAINT

11.     According to a recent study, "[s]pam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds - from coupons to phishing schemes - sent directly to user's cell phones."[1]

12.     Unlike more conventional advertisements, text message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message they receive or incur a usage allocation deduction to their text messaging or data plan, regardless of whether the message is authorized.

13.     The transmission of an unsolicited text messages to a cellular device is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law. 47 U.S.C § 227(b).

15.     Because Defendant directs and conducts business within the State of California and this judicial district, personal jurisdiction is established.

16.     Personal jurisdiction and venue are proper in the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) Plaintiff resides within this judicial district; (2) the conduct complained of herein occurred within this judicial district; and (3) Defendant conducted business within this judicial district at all times relevant. Specifically, Defendant invaded Plaintiff's privacy by contacting Plaintiff on his cellular telephone, which occurred while Plaintiff was located in the County of Los Angeles, State of California, which is within this judicial district.

---

[1] Amanda Lenhart, *Cell Phones and American Adults*, Pew Research Center (Sept. 2, 2010), https://www.pewresearch.org/internet/2010/09/02/cell-phones-and-american-adults/.

- 4 -

CLASS ACTION COMPLAINT

**PARTIES**

17.    Plaintiff is an individual residing in the County of Los Angeles, State of California, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18.    Boston Market is a corporation who is a "person" as defined by 47 U.S.C. § 153(39) incorporated under the laws of the State of Delaware and has a principal place of business at 7700 E. Arapahoe Rd. Ste 220 Centennial, Colorado 80112-1268.

19.    Boston Market is a privately-owned company founded in 1985. This company prepares and sells rotisserie-centric meals such as chicken, cookies, cornbread, and mashed potatoes. Boston Market has 351 locations in thirty different states.

20.    Plaintiff alleges that at all times relevant herein, Defendant conducted business in the State of California, in the County of Los Angeles, and within this judicial district.

**FACTUAL ALLEGATIONS**

21.    Plaintiff is, and at all times mentioned herein was, the subscriber of the cellular telephone number (818) ***-8768 (the "8768 Number").  The 8768 Number is, and at all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

22.    On November 25, 2020, Plaintiff called Defendant to inquire about a holiday meal package. However, Plaintiff was not able to speak to a live representative regarding his inquiry. Instead, Plaintiff heard a pre-recorded messaged that stated it was unable to take his call at the moment due to a high volume of calls, and the call ended.

23.    Boston Market advertises a number of its meal packages, including the one that Plaintiff was inquiring about on its website.

24.    Several hours after making this call, Plaintiff received an unsolicited

CLASS ACTION COMPLAINT

1  text message to his cellular telephone from Defendant.

2      25.    Defendant's text message to the 8768 Number read:

3
4
5

        Thank you for choosing Boston Market, we were unable to answer your call due to high call volumes. To place an order, please visit us at www.bostonmarket.com. You can call us on 303-317-6900 we are open 24 hours a day. Thank you again for choosing Boston Market!

6      26.    At no time prior to or during the November 25 call to Defendant did

7  Plaintiff provide Defendant with the 8768 Number or give Defendant his express

8  consent to receive such text messages from Defendant.

9      27.    Plaintiff has had the 8768 Number registered on the National Do Not

10  Call Registry since March 10, 2017.

11      28.    Upon information and belief, Defendant used Caller ID technology to

12  capture and store the phone number of incoming calls so that marketing text

13  messages can be transmitted to potential customers. Defendant used this same

14  method to capture Plaintiff's number and thus sent him a text message.

15      29.    Furthermore, the text message that Defendant sent to Plaintiff contained

16  no method for Plaintiff to instruct Defendant to stop sending Plaintiff unwanted text

17  messages.

18      30.    Because Plaintiff is alerted when a text message is received to

19  Plaintiff's cellular device, the unsolicited text message that Defendant transmitted to

20  Plaintiff's cellular device was a nuisance to Plaintiff, invaded Plaintiff's privacy, and

21  distracted Plaintiff upon receipt.

22      31.    Defendant sent the aforementioned text message to Plaintiff's cellular

23  telephone using a telephone number that is owned or leased by Defendant or

24  Defendant's agent(s) or affiliate(s) and is used for operating Defendant's text

25  message marketing campaign.

26      32.    Defendant sent or transmitted, or had sent or transmitted on its behalf,

27  the same or substantially similar unsolicited text message to thousands of customers'

28  cellular telephones during the class period.

CLASS ACTION COMPLAINT

33.     The automated text messaging system used by Defendant to send the text message to Plaintiff has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

34.     Upon information and belief, Defendant utilized an "automated telephone dialing system" because the text message sent to the 8768 Number was sent from a telephone number utilized to send text messages to consumers without human intervention; and because the hardware and software used by Defendant to send such messages have the capacity to store, produce, and dial random or sequential numbers, or receive and store lists of telephone numbers, and to dial such numbers automatically.

35.     The text message at issue sent by Defendant constituted an "advertisement" and/ or "telemarketing" as prohibited by the TCPA because Defendant sent the text message to Plaintiff in order to advertise its rotisserie meals and catering services and encourage Plaintiff to place an order with Defendant.

36.     Defendant's telephonic communications to Plaintiff were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

37.     Plaintiff never provided "prior express written consent' or any other form of consent to Defendant or any affiliate, subsidiary, or agent of Defendant to transmit text messages to the 8768 Number by means of an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

38.     Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

39.     Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated that Defendant annoyed Plaintiff with an uninvited marketing text message without Plaintiff's prior express consent.

40.     The text messages from Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

CLASS ACTION COMPLAINT

1

**CLASS ACTION ALLEGATIONS**

2     41.    Plaintiff brings this action on behalf of Plaintiff and all others similarly

3 situated (the "Class").

4     42.    Plaintiff represents, and is a member of, the Class, pursuant to Fed. R.

5 Civ. P. 23(b)(2) and/or (b)(3), which is defined as follows:

6                All persons within the United States who were sent a
7                automated marketing text message by Defendant and/or its
               employees and/or agents to said person's cellular telephone,
8                following a call to Defendant by said person, within the
               four years prior to the filing of the Complaint.

9     43.    Excluded from the Class are: (1) Defendant, any entity or division in

10 which Defendant has a controlling interest, and their legal representatives, officers,

11 directors, assigns, and successors; (2) the Judge to whom this case is assigned and

12 the Judge's staff; and (3) those persons who have suffered personal injuries as a

13 result of the facts alleged herein.

14     44.    Plaintiff reserves the right to redefine the Class, and to add and redefine

15 any additional subclass as appropriate based on discovery and specific theories of

16 liability.

17     45.    The Class that Plaintiff seeks to represent contains numerous members

18 and is clearly ascertainable including, without limitation, by using Defendant's

19 records to determine the size of the Class and to determine the identities of

20 individual Class members.

21     **<u>Numerosity</u>**

22     46.    The Class members are so numerous that joinder of all members would

23 be unfeasible and impractical. The membership of the Class is currently unknown to

24 Plaintiff at this time. However, given that, on information and belief, Defendant sent

25 or transmitted, or had sent or transmitted on its behalf, unsolicited text messages to

26 hundreds, if not thousands, of customers' cellular telephones nationwide during the

27 proposed class period, it is reasonable to presume that the members of the Class are

28 so numerous that joinder of all members is impracticable. The disposition of their

- 8 -

CLASS ACTION COMPLAINT

1  claims in a class action will provide substantial benefits to the parties and the Court.

2  **Commonality**

3  47.  There are questions of law and fact common to the Class that

4  predominate over any questions affecting only individual Class members.  Those

5  common questions of law and fact include, without limitation, the following:

6  a) Whether within the four years prior to the filing of this Complaint,

7  Defendant or employees or agents transmitted any marketing text

8  messages without the prior express written consent of Plaintiff and

9  Class members using an "automatic telephone dialing system";

10  b) Whether Defendant can meet its burden to show Defendant obtained

11  prior express written consent (as defined by 47 C.F.R. 64.1200(f)(8)) to

12  send marketing text messages complained of, assuming such an

13  affirmative defense is raised;

14  c) Whether Defendant's conduct was knowing and/or willful;

15  d) Whether Plaintiff and the members of the Class were damaged thereby,

16  and the extent of damages for such violation; and,

17  e) Whether Defendant or affiliates, subsidiaries, or agents of Defendant

18  should be enjoined from engaging in such conduct in the future.

19  **Typicality**

20  48.  Plaintiff is qualified to, and will, fairly and adequately protect the

21  interests of each Class member with whom they are similarly situated, and Plaintiff's

22  claims (or defenses, if any) are typical of all Class members' as demonstrated herein.

23  49.  Plaintiff represents and is a Class member of the Class because Plaintiff

24  received at least one marketing text message through the use of an automatic

25  telephone dialing system, without providing prior express written consent to the

26  Defendant within the meaning of the TCPA. Consequently, the claims of Plaintiff

27  are typical of the claims of Class members and Plaintiff's interests are consistent

28  with and not antagonistic to those of the other Class members Plaintiff seeks to

KAZEROUNI LAW GROUP, APC

CLASS ACTION COMPLAINT

1   represent.

2       50.    Plaintiff and all members of the Class have been impacted by, and face

3   continuing harm arising out of, Defendant's violations or misconduct as alleged

4   herein.

5       **Adequacy**

6       51.    Plaintiff is qualified to, and will, fairly and adequately protect the

7   interests of each Class member with whom Plaintiff is similarly situated, as

8   demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make

9   known to the Court any relationship, conflicts, or differences with any Class

10  member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules

11  governing class action discovery, certification, and settlement. In addition, the

12  proposed class counsel is experienced in handling claims involving consumer actions

13  and violations of Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*.

14  Plaintiff has incurred, and throughout the duration of this action, will continue to

15  incur costs and attorneys' fees that have been, are, and will be, necessarily expended

16  for the prosecution of this action for the substantial benefit of each Class member.

17  Neither Plaintiff nor Plaintiff's counsel have any interests adverse to those of the

18  other Class members.

19      **Predominance**

20      52.    Questions of law or fact common to the members of the Class

21  predominate over any questions affecting only individual members of the class. The

22  elements of the legal claims brought by Plaintiff and members of the Class are

23  capable of proof at trial through evidence that is common to the class rather than

24  individual to its members.

25      **Superiority**

26      53.    A class action is superior to other available methods for the fair and

27  efficient adjudication of this controversy because individual litigation of the claims

28  of all Class members is impracticable and questions of law and fact common to the

CLASS ACTION COMPLAINT

Class predominate over any questions affecting only individual members of the Class. Even if every individual Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

54. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each Class member. Further, it will prevent the very real harm that would be suffered by numerous Class members who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage because they chose to obey the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

55. The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party Class members to protect their interests.

56. The prosecution of individual actions by Class members would establish inconsistent standards of conduct for Defendant.

57. Defendant has acted or refused to act in ways generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole. Likewise, Defendant's conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

58. The Class may also be certified because:

CLASS ACTION COMPLAINT

1        (a) the prosecution of separate actions by individual Class members

2             would create a risk of inconsistent or varying adjudication with

3             respect to individual Class members, which would establish

4             incompatible standards of conduct for Defendants;

5        (b) the prosecution of separate actions by individual Class members

6             would create a risk of adjudications with respect to them that would,

7             as a practical matter, be dispositive of the interests of other Class

8             members not parties to the adjudications, or substantially impair or

9             impede their ability to protect their interests; and,

10       (c) Defendants have acted or refused to act on grounds generally

11            applicable to the Class, thereby making appropriate final and

12            injunctive relief with respect to the members of the Class as a whole.

13   59.    This suit seeks only damages and injunctive relief for recovery of

14   statutory damages on behalf of Class and it expressly is not intended to request any

15   recovery for personal injury and claims related thereto.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE TCPA**
**47 U.S.C. §§ 227,** *ET SEQ.*

18   60.    Plaintiff repeats and incorporates by reference the allegations set forth

19   above as though fully stated herein.

20   61.    The foregoing acts and omissions of Defendant constitute numerous and

21   multiple negligent violations of the TCPA, including but not limited to each and

22   every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

23   62.    As a result of Defendant's negligent violations of 47 U.S.C. § 227,

24   Plaintiff and all Class members are entitled to, and do seek, injunctive relief

25   prohibiting such conduct violating the TCPA in the future.

26   63.    As a result of Defendant's negligent violations of 47 U.S.C. § 227,

27   Plaintiff and all Class members are also entitled to, and do seek, an award of $500.00

28   statutory damages, for each and every violation, pursuant to 47 U.S.C. §

CLASS ACTION COMPLAINT

1 | 227(b)(3)(B).

2 |       64.   As a result of Defendant's knowing and/or willful violations of 47
3 | U.S.C. § 227, *et seq*., Plaintiff and all Class members are also entitled to, and do
4 | seek, an award of $1,500.00 in statutory damages, for each and every violation,
5 | pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

6 | **PRAYER FOR RELIEF**

7 |      WHEREFORE, Plaintiff, on behalf of himself and members of the Class, prays
8 | for the following relief:

- That this action be certified as a Class Action, establishing the Class and any appropriate sub-classes that the Court may deem appropriate;

- Appointing Plaintiff as the representative of the Class;

- Appointing the law firms representing Plaintiff as Class Counsel;

- An award of $500.00 in statutory damages to Plaintiff and each Class member for each and every negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);

- An award of $1,500.00 in statutory damages to Plaintiff and each Class member for each and every knowing and/or willful violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);

- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);

- Costs of suit;

- An award of reasonable attorneys' fees and costs to Plaintiff and the Class, pursuant to the common fund doctrine and, *inter alia,* California Code of Civil Procedure § 1021.5;

- Pre-judgment and post-judgment interest;

- Any other further relief that the court may deem just and proper.

///

///

CLASS ACTION COMPLAINT

KAZEROUNI LAW GROUP, APC

1

**JURY DEMAND**

2      65.      Pursuant to the Seventh Amendment to the Constitution of the United

3  States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

4

5  Dated: March 25, 2021                    Respectfully submitted,

6                                           **KAZEROUNI LAW GROUP, APC**

7

8                                    By:    /s/ Abbas Kazerounian

9                                           ABBAS KAZEROUNIAN, ESQ.
                                            MONA AMINI, ESQ.
10                                          PAMELA PRESCOTT, ESQ.

11                                          *Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT